**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO N. PRADO,<br><br>vs.<br><br>USCB, INC. | Case Number: 5:20-cv-06107-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. All parties have been served in this matter.

2. Facts

*Plaintiff:* Plaintiff states that Defendant continued to call him on to collect on an unpaid medical debt despite Plaintiff's requests to stop calling. Additionally, Plaintiff has not received documentation in the mail from Defendant regarding the subject debt.

*Defendant:* Defendant denies that it violated any provisions of the FDCPA or the California Rosenthal Act. Defendant denies that it continued to contact Plaintiff after receiving a request to cease communications. Defendant further states that it mailed correspondence regarding the debt to the address it was provided for Plaintiff. Defendant is not obligated under the FDCPA to prove that Plaintiff received the letter; rather, Defendant is only required to show that it mailed the initial notice to an address it had reasonable belief belong to Plaintiff. *See Mahon v. Credit Bureau of Placer City. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Apr. 28, 1999) ("The plain language of section 1692g(a) does not require that a Validation of Debt Notice must be received by a debtor. Instead, the plain language states that such a Notice need only be sent to a debtor.").

3. Legal Issues

*Plaintiff:* The legal issue at hand include if Defendant had consent and or permission to continue contacting Plaintiff on his cellular telephone and if the conduct of continued telephone calls under 15 U.S.C. §1692(d) constituted harassment. Additionally, if Defendant completed their statutory obligated disclosure under U.S.C. §1692(g) and in turn violated Cal. Civ. Code § 1788.17.

*Defendant*: In addition to the issues raised by Plaintiff, Defendant raises the issue of whether Plaintiff has Article III standing to pursue these claims and whether Plaintiff is legally entitled to any actual or statutory damages.

4. Motions
None.

5. Amendment of Pleadings
Proposed deadline: March 17, 2021

6. Evidence Preservation
The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures
Plaintiff provided Initial Disclosures to Defendant on November 24, 2020.

Defendant will survive its initial disclosures within three (3) days of the filing of this report.

8. Discovery

No discovery has been taken to date. The parties anticipate discovery to include Defendant's collection activities; Defendant's policies and procedures; Defendant's account notes relating to Plaintiff; and Plaintiff's standing, causes of action, claims, and damages. The parties do not propose any limitations or modifications of the discovery rules. The parties agree to abide by the Fed. R. Civ. P.

9. Class Actions

N/A.

10. Related Cases

There are no related cases.

11. Relief

*Plaintiff:* Plaintiff seeks relief under the Fair Debt Collection Practices Act ("FDCPA") in the amount of $1,000.00. Plaintiff is also seeking statutory and actual damages under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Additionally, Plaintiff is seeking his attorney's fees and costs under the FDCPA and RFDCPA.

  *Defendant*: Defendant denies Plaintiff is entitled to any relief or damages.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff and Defendant have engaged in discussions to resolve this matter as efficiently as possible. Defendant will be providing informal discovery to facilitate early resolution. The parties do not anticipate any obstacles during discovery. The parties conferred and agreed to the following ADR process: a mediated settlement conference with a United States Magistrate Judge.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES    X NO

14. Other References
None at this time.

15. Narrowing of Issues
None at this time.

16. Expedited Trial Procedure
The Parties do not believe this case should be under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling
a. ADR session: TBD
b. Designation of experts: June 7, 2021
c. Discovery cut-off: July 12, 2021
d. Hearing for dispositive motions: TBD
e. Hearing for pretrial conference: September 20, 2021
f. Trial: TBD

18. Trial
Plaintiff has requested trial by jury. Expected length of trial: 2 days.

19. Disclosure of Non-party Interested Entities or Persons
Plaintiff filed his Certification of Interested Entities or Person on 2/17/2021.
Defendant filed their Certification of Interested Entities or Person on 11/6/2020.
Plaintiff nor Defendant do not state any other entities that have a financial interest.

20. Professional Conduct
All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other
None at this time.

1 | Dated: February 17, 2021
2 | Nicholas M. Wajda (Cal. Bar No. 259178)
3 | Wajda Law Group, APC
4 | 6167 Bristol Parkway, Suite 200
5 | Culver City, California 90230
6 | +1 310-997-0471
7 | nick@wajdalawgroup.com

Dated: February 17, 2021

Eugene Xerxes Martin, IV
Malone Frost Martin PLLC
8750 N. Central Expy., Suite 1850
Dallas, TX 75231
TEL (214)346-2630
E-MAIL: xmartin@mamlaw.com
Attorneys for Defendant USCB, Inc.

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE